UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROSIO A REYES, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-05-1584 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM ON DISMISSAL**

Petitioner, Rosio A. Reyes, filed this habeas corpus petition under 28 U.S.C. §
2241.  Petitioner is incarcerated in the Federal Prison Camp in Bryan, Texas, in the
Southern District of Texas.  Petitioner is serving a sentence imposed by the U.S.
District Court for the Northern District of Texas.

Petitioner challenges the Bureau of Prisons (BOP) calculation of her sentence
under 18 U.S.C. § 3624(b).  The statute provides in pertinent part:

> a prisoner who is serving a term of imprisonment of more than 1 year
> ...., may receive credit toward the service of the prisoner's sentence,
> beyond the time served, of up to 54 days at the end of each year of the
> prisoner's term of imprisonment, beginning at the end of the first year
> of the term, subject to determination by the Bureau of Prisons that,
> during that year, the prisoner has displayed exemplary compliance with
> institutional disciplinary regulations.

Petitioner contends that under the statute she is entitled to 54 days of credit per

year toward her sentence for good behavior.  She maintains that the statute means

that, assuming the appropriate good behavior, she gets 54 days of credit for each

year of her sentence.  The BOP interprets the statute to mean that she gets 54 days of

credit for each year actually served in prison.  Under the BOP interpretation, the

good behavior credits are rewarded based on actual time served, rather than the full

sentence imposed.  The BOP interpretation yields a reward of about 47 days per

year of the sentence imposed.

The Fifth Circuit Court of Appeals recently addressed this question in *Sample v. Morrison*, __ F.3d __, 2005 WL 775816 (5th Cir. March 22, 2005). The Court said:

> It is plain from the statute that an inmate must *earn* good time credit;
> the statute grants the BOP itself the power to determine whether or not,
> during a given year, the inmate has complied with institutional
> disciplinary rules.  Good time credit is thus not awarded in advance,
> and any entitlement to such credit for future years is speculative at best.

*Id*. at *2 (emphasis in original).  The Fifth Circuit agrees with the BOP interpretation

of the statute.  Furthermore, the Fifth Circuit said that even if the statute were

ambiguous, the BOP's interpretation would control under the deference standard in

*Chevron U.S.A. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).

Accordingly, it is ORDERED that the petition be DENIED for failure to state a claim on which relief may be granted and this action be DISMISSED.  Petitioner's Motion to Proceed as a Pauper [Docket Entry No. 3] is DENIED because Petitioner currently has $472 in her prison account.

SIGNED the 28th day of May, 2005.

David Hittner
United States District Judge